UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN DOWLING,

        Plaintiff,

v.

HANS SCHUMACHER AND
JAMES NANCE,

        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/09

**STIPULATION AND ~~PROPOSED~~
PROTECTIVE ORDER**

09-CV-4146 (RMB) (MHD)

*As Amended*

---

      This Stipulation is entered into by and between Plaintiff and Defendants in the above captioned action (hereinafter collectively referred to as the "Parties"). The purpose of this Stipulation is to preserve the confidentiality of certain documents and information which will be produced by the Parties and/or third-parties during discovery. The Parties have initiated discovery and in connection with the discovery already propounded, as well as in connection with discovery which will likely be propounded in the future, the Parties believe that documents and information will be requested which one or both of the Parties, and/or third-parties, claim to be confidential. In order to preserve the confidentiality of documents and information that will be produced, the Parties are entering into this stipulation and requesting that the above-captioned court (the "Court") issue a protective order in conformity with the terms set forth herein.

      Subject to the approval of the Court, the Parties hereby stipulate and agree as follows:

      1.    In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" or "Attorneys' Eyes Only" under the terms of this Stipulated Protective Order ("Order").

2. "Confidential" information includes information or material that has not been made public and the disclosure of which may cause harm to the person or entity from which the information is obtained, including but not limited to materials concerning trade secrets or other confidential research, development, commercial, marketing, or financial subjects within the meaning of Federal Rule of Civil Procedure 26(c)(7). In designating material as "Confidential," the Party will make such designation only as to material that it, in good faith, believes contains information that is confidential ("Confidential Material").

3. "Attorneys' Eyes Only" information includes information or material that qualifies as "Confidential" information and that a Party further reasonably believes in good faith is of such a highly proprietary and/or sensitive nature that its disclosure should be limited strictly to outside attorneys who have appeared in this action, and independent experts. In designating material as 'Attorneys' Eyes Only" the Party will make such designation only as to material that it, in good faith, believes contains information that is "Attorneys' Eyes Only" ("Attorneys' Eyes Only Material").

4. A "Confidential" or "Attorneys' Eyes Only" document shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In lieu of marking the original of a document if the original is not used, copies may be marked that are produced or exchanged. Inadvertent failure to designate material as "Confidential" or "Attorneys' Eyes Only" under this Order shall not operate as a waiver of the Party's right to subsequently designate such material as "Confidential" or "Attorneys' Eyes Only."

5. Testimony taken at a deposition, conference or hearing may be designated by any Party as "Confidential" or "Attorneys' Eyes Only" by indicating on the cover of the transcript or videotape the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript (including exhibits) containing information designated as "Confidential" or "Attorneys' Eyes Only," and to label such portions appropriately.

Notwithstanding the foregoing, it shall not be necessary to specifically designate as "Confidential" or "Attorneys' Eyes Only" any deposition exhibit that has been previously designated when produced in the litigation. The failure to redesignate any such document during a deposition shall not cause the document to lose its "Confidential" or "Attorneys' Eyes Only" status or the protections afforded by this Order.

6. "Confidential Material" or "Attorneys' Eyes Only Material," information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from "Confidential Material" or "Attorneys' Eyes Only Material" shall be treated in accordance with the terms of this Order and shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purposes, including but not limited to business purposes.

7. "Confidential Material" produced pursuant to this Order may be disclosed or made available only to:

   a. the Court and Court personnel, including court reporters, stenographers, and video reporters who are retained to transcribe or videotape testimony, including depositions, in the action;

   b. the Parties' outside counsel of record in the action and those employees or agents of the Parties' counsel of record who need to see such "Confidential Material" in order to perform their jobs, including the paralegal, clerical, secretarial staff, and other support personnel employed or engaged by such counsel;

   c. counsel other than the Parties' outside counsel of record in this action, experts or consultants (together with their clerical staff), who have signed "Exhibit A" attached hereto, retained or employed by any Party or its counsel solely for the purpose of assisting counsel in the prosecution, defense, or settlement of this action;

   d. the Parties, including those officers, directors or employees of the Parties who are reasonably necessary to assist counsel in this litigation;

   e. attorneys working within a corporate Party's offices, including in-house or general

       counsel;

f.    persons who appear on the face of "Confidential Material" as an author, addressee or recipient thereof;

g.    mediators retained by all parties in an attempt to settle this matter;

h.    witnesses employed by the party designating the "Confidential Material";

i.    any person who prepared the "Confidential Material;"

j.    any other person who has signed "Exhibit A" attached hereto and to whom the parties agree in writing or on the record.

k.    any insurer for a Party who has signed "Exhibit A" attached hereto.

8.    "Attorneys' Eyes Only Material" produced pursuant to this Order may be disclosed or made available only to:

a.    the Court and Court personnel, including court reporters, stenographers, and video reporters who are retained to transcribe or videotape testimony, including depositions, in the action;

b.    the Parties' outside counsel of record in the action and those employees or agents of the Parties' counsel of record who need to see such "Attorneys' Eyes Only Material" in order to perform their jobs, including the paralegal, clerical, secretarial staff, and other support personnel employed or engaged by such counsel;

c.    counsel other than the Parties' outside counsel of record in this action, experts or consultants (together with their clerical staff), whom have signed "Exhibit A" attached hereto, who are not employees of any Party and who are retained or employed by any Party solely for the purpose of assisting counsel in the prosecution, defense, or settlement of this action, to the extent counsel of record in good faith believe such disclosure is required to assist in the prosecution, defense or resolution of this litigation on a need-to-know basis;

d.    any person who prepared the "Attorneys' Eyes Only Material";

e.    mediators retained by all parties in an attempt to settle this matter;

    f.    persons who appear on the face of "Attorneys' Eyes Only Material" as an author, addressee or recipient thereof

    g.    witnesses employed by the Party designating the "Attorneys' Eyes Only Material"; and

    h.    any other person who has signed "Exhibit A" attached hereto and to whom the Parties have agreed in writing or on the record.

    i.    any insurer for a Party who has signed "Exhibit A" attached hereto.

9. The original of each executed "Exhibit A" shall remain in the possession of the attorney who makes the disclosure of the "Confidential Material" or the "Attorneys' Eyes Only Material" until the Parties agree in writing to the contrary.

10. The Order shall not prevent the disclosure of "Confidential Material" or "Attorneys' Eyes Only Material" if the Party designating the material as such expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court, after notice to all Parties, and an opportunity for the Parties to be heard, orders such disclosure. No such express consent or court order shall extend to any "Confidential Material" or "Attorneys' Eyes Only Material" except as specifically designated.

11. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material lawfully obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own "Confidential Material" or "Attorneys' Eyes Only Material" as its deems appropriate.

12. If "Confidential Material" or "Attorneys' Eyes Only Material," including any portion of a deposition transcript designated as "Confidential" or 'Attorneys' Eyes Only" is included in any papers to be filed in Court, such papers shall be labeled "CONFIDENTIAL - ~~SUBJECT TO COURT ORDER~~" or "ATTORNEYS' EYES ONLY ~~SUBJECT TO COURT ORDER~~" ~~and be filed under seal until further order of this Court~~. Those pages claimed to contain 'Confidential Material" or "Attorneys' Eyes Only Material" shall be specifically designated and, where possible, shall be segregated from the remainder of the associated material and filed separately.

13. Should any document(s) containing "Confidential Material" or ,'Attorneys' Eyes Only Material" be inadvertently filed without the labeling referred to in paragraph 12, the Party filing the document(s) shall, upon discovery, promptly request the Court that the document(s) be sealed pursuant to this Order.

14. The use of any "Confidential Material" or "Attorneys' Eyes Only Material" for the purpose of any trial or hearing which is open to the public is not addressed in this Order, but may be the subject of future agreement or order as the need may arise upon sufficient cause shown.

15. If any Party or their counsel are served with a subpoena requiring production of any "Confidential Material" or "Attorneys' Eyes Only Material" received by the producing party, such receiving Party shall serve an objection pursuant to FRCP 45(C)(2)(b), and shall send via facsimile, within three (3) business days, a copy of the subpoena to the attorney for the producing Party. The Parties agree that the producing party shall have five (5) business days within which to file a motion objecting to the subpoena or to seek other relief after receiving the notice referred to above. If a motion objecting to the subpoena is timely filed, the subpoenaed Party shall not produce the material until after the Court rules on such motion, unless required to do so pursuant to court order (other than the subpoena itself) or other applicable law.

16. A producing Party may give notice to another Party that it is eliminating or downgrading a previous designation of material as "Confidential" or "Attorneys' Eyes Only." The producing Party requesting the elimination or downgrading of the previous designation shall be responsible for eliminating or downgrading that designation and shall fulfill this responsibility by providing a new, redesignated copy of the document or other material.

17. No Party shall be obligated to challenge the propriety of a confidentiality designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party disagrees at any stage of these proceedings with the designation of any material as "Confidential," or "Attorneys' Eyes Only," the Parties shall try first to resolve such disputes in good faith on an informal basis through "meet and confer" discussions. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court. This Order shall be without prejudice to any Party bringing before the Court at

any time the question of whether any particular material is properly designated as "Confidential" or "Attorneys' Eyes Only." Until the Court rules on such motion, the material at issue shall continue to be designated according to the producing Party's designation and shall remain subject to the terms of this Order. Upon a hearing, the Party asserting that any particular material is "Confidential Material" or "Attorneys' Eyes Only Material" shall bear the burden of establishing that such designation is appropriate.

18. This Order shall be without prejudice to the right of the Parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order.

19. If a Party inadvertently produces material, or learns of the production of such material by a third party, that it considers to be protected, in whole or in part, by the attorney-client privilege or the work product doctrine, the Party may retrieve such information as follows:

   a. Within ten (10) days of the date of discovery by a Party of the inadvertent production by it or a third party, the Party asserting that an inadvertent production has occurred must give written notice to all other Parties that the Party claims the material, in whole or in part, is privileged or protected; in addition, the notice must state the nature of the privilege or protection, the basis for asserting it, and the reason production is claimed to have been inadvertent.

   b. Upon receipt of such notice, any Party who received the document or material shall promptly return all copies to the producing Party. In the event that only part of a document is claimed to be privilege or protected, the Party asserting inadvertent production shall furnish to the other Parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

   c. Any Party who has received the documents or material may contest the producing Party's claim of privilege or inadvertence by filing a motion contesting the claim

with ten (10) days of receiving the notice under subparagraph (a) above. During the pendency of such motion, the receiving Party need not return all copies of the documents or material to the Party asserting inadvertent production. During the pendency of such motion, the receiving Party may not use or disclose the material for any purpose other than prosecution of the motion challenging the privilege or protection claim.

d. The provisions of the above subparagraphs are without prejudice to any other rights that any Party may have with respect to challenging or defending any claim of privilege.

20. Any Party who obtains a production of any documents, things, materials or information from any non-party pursuant to a subpoena served in this action (hereinafter "Subpoenaing Party") shall, within seven (7) days of receipt of said production, serve a copy of all of the material produced by the non-party to outside counsel of record for the parties to this action who so request and agree to pay the pro rata cost of reproduction (hereinafter "Requesting Party"), either in hard copy or electronic form. If the produced material is so voluminous as to make service of copies on other parties within seven days impracticable or overly burdensome, the parties will agree to a reasonable extension of time for service of the copies of the produced material. The Parties agree that for a period of seven (7) days after receipt by the Requesting Party of such third party documents, all documents produced by the third party shall be treated and maintained by the Parties as if the documents had been designated as "Attorneys' Eyes Only" under the terms of this Order. After seven (7) days, the documents shall return the designation provided by the third party, if any, unless a Requesting Party provides written notification to all Parties and to the producing third party requesting a higher designation of confidentiality. At any time before the termination of the seven (7) day period provided herein, any Party may increase the designation of any document produced by a third party to "Confidential" or "Attorneys' Eyes Only," if the Party, in good faith, believes such a designation to be necessary to protects its "Confidential" or "Attorneys' Eyes Only" information. Any disputes concerning such designation will be subject to the procedure set forth in Paragraph seventeen (17), above.

21. At any point during the litigation, a party may request the right to inspect documents produced by third parties pursuant to subpoena and to obtain electronic or hard copies of such documents at such party's cost.

22. This Order shall survive the final termination of this action, to the extent that the information contained in the "Confidential Material" or "Attorneys' Eyes Only Material" is or does not become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. It is expressly intended by the Parties and their counsel, and any third parties and their counsel that have agreed to be bound by the terms here of pursuant to Paragraph 20 herein, that the provisions of this Order are a binding and enforceable contract.

23. Within sixty (60) days after the conclusion of this case, whether it be by way of settlement, dismissal, judgment or otherwise, including the expiration of the time for or the exhaustion of any appeals, any originals and copies of all "Confidential Material" or "Attorneys' Eyes Only Material" shall be destroyed or returned to and placed in the custody and control of the producing Party. In the event the documents are destroyed rather than returned, a letter to that effect shall be provided to each Party's counsel. Notwithstanding the foregoing, each Party's outside counsel may maintain one copy of all documents containing "Confidential Material" or "Attorneys' Eyes Only Material" for the sole purpose of maintaining complete and accurate files of this action. Notwithstanding the above, any Party may by stipulation of the Parties or by application to the Court seek the return or destruction of any material marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.

24. This Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties without unnecessarily involving the Court. Nothing in this Order, nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the effect of an

admission or waiver by any Party altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

DATED: September 2, 2009

REED SMITH, LLP

By: _____
Casey D. Laffey

599 Lexington Avenue
New York, New York 10022
Tel: 212-521-5400
claffey@reedsmith.com

*Attorneys for Plaintiff Sean Dowling*

DATED: September 4, 2009

TABNER, RYAN AND KENRY, LLP

By: _____
Thomas R. Fallati

18 Corporate Woods Boulevard, Suite 8
Albany, New York 12211
Tel: 518-465-9500
trf@trklaw.com

*Attorneys for Defendants Hans Schumacher and James Nance*

DATED: September 8, 2009

DEVORE & DEMARCO, LLP

By: _____
Joseph V. DeMarco

99 Park Avenue
New York, New York 10016
Tel: 212-922-9499
jvd@devoredemarco.com

*Attorneys for Defendants Hans Schumacher and James Nance*

IT IS SO ORDERED.
DATED: 9/14/09, 2009

RMB
_____
HON. RICHARD M. BERMAN
United States District Court Judge
Southern District of New York

The Court retains discretion whether to afford Confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.    RMB

## EXHIBIT "A"

### Agreement Concerning Material
### Covered by Confidentiality Order

I, the undersigned, acknowledge that I have read and understand the terms of the Stipulation and Order re: Designation and Use of Confidential Documents and Information (the "ORDER") entered in the action *Sean Dowling v. Hans Schumacher and James Nance,* in the United States District Court, Southern District of New York, Case No. 09 CV 4146 (RMB) (MHD). I agree to comply with the terms of the ORDER. I further agree that I will not disclose documents or information designated "Confidential" or "Attorneys' Eyes Only" except as specifically permitted by the terms of the ORDER and that I will use the documents or information solely for purposes of this litigation in accordance with the ORDER. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the aforesaid ORDER.

_____  _____

[Date]   [Signature]